IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **BRENDA D. GOLOB,** § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. |
| § | SA-13-CA-854 |
| **FCE BENEFIT ADMINISTRATORS, INC.,** § | |
| Defendant. § | |

## COMPLAINT

Plaintiff by her attorneys Gaul and Dumont complaining of Defendant FCE Benefit Administrators, Inc. alleges:

### JURISDICTION AND VENUE

(1) This action is brought to remedy discrimination on the basis of sex (female), in the terms, conditions, and privileges of employment, and sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.

This is also an action for retaliation for previous protected activity under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*.

(2) Injunctive and declaratory relief, damages, and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e-5(f) and (g) and 42 U.S.C. §1981a.

(3) Plaintiff Brenda D. Golob, a resident of the State of Texas, filed a complaint of discrimination and retaliation against Defendant with the Equal Employment Opportunity Commission (EEOC) complaining of the acts of sex discrimination, sexual harassment, and retaliation alleged herein.

(4) On June 20, 2013, the EEOC issued Plaintiff a Notice of Right to Sue (Conciliation Failure) informing her of her right to sue Defendant in federal court.

(5)     Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of the Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3).

(6)     As the unlawful employment practices complained of herein occurred within the Western District of Texas, venue is proper in this District pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §1391(b).

## PARTIES

(7)     Plaintiff was employed by Defendant beginning July 26, 2006.

(8)     Defendant is an employer as defined by Title VII.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

According to the Determination of the EEOC:

(9)     On or about April 18, 2011, Plaintiff was informed by Gerard Gonzalez, Director of Operations, she was being demoted and her pay reduced.

(10)    On the same date, Plaintiff called Ellen Willingham, Human Resource Director, and asked her for assistance, informing Ms. Willingham she felt she was being harassed and subjected to a hostile work environment.

(11)    On or about April 20, 2011, Plaintiff followed up and sent an e-mail communications to Ms. Willingham, again asking her for assistance, stating she felt harassed.

(12)    On or about April 21, 2011, Plaintiff was informed by Mr. Gonzalez she was being placed on a ninety-day probationary period.

(13)    Plaintiff sent another e-mail communication to Ms. Willingham requesting guidance and informing Ms. Willingham she was being harassed and subjected to a hostile work environment.

(14)    Ms. Willingham informed Plaintiff she would conduct a full investigation.

(15)    While the specific nature of any investigation conducted by Ms. Willingham concerning

Plaintiff's allegations of harassment is unknown, the evidence indicates that on or about April 21, 2011, Ms. Willingham shared the issues addressed in Plaintiff's complaint against Mr. Gonzalez with Mr. Gonzalez.

(16) On or about April 22, 2011, Plaintiff was disciplined and instructed by Mr. Gonzalez to move her desk right outside his office for training purposes.

(17) Plaintiff was also written up for poor job performance and unacceptable behavior displayed during a counseling session conducted with her on or about April 22, 2011.

(18) On or about April 28, 2011, Plaintiff requested personal time off (PTO) and short-term disability leave (STD) from Ms. Willingham due to a medical condition caused by work-related stress, and on her doctor's recommendation.

(19) On or about April 28, 2011, Plaintiff sent an e-mail to Defendant's two owners and informed both about the events that had transpired in the workplace, including allegations of sexual harassment against Madeline Zimmerman.

(20) Plaintiff also informed the owners she had filed an EEOC complaint.

(21) On the same day as her written complaint to the owners, and within hours of contacting them, Plaintiff was informed by Willingham that Owner Steve Porter had decided to terminate Plaintff.

(22) The EEOC determined Plaintiff was discharged because she complained of sexual harassment and informed Defendant she had filed a complaint with the EEOC, in violation of Title VII.

### FIRST CAUSE OF ACTION

(23) Defendant has sexually harassed and discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex (female), in violation of Title VII.

(24) Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's sexual harassment and discriminatory practices unless and until

this Court grants relief.

## SECOND CAUSE OF ACTION

(25) Defendant has retaliated against Plaintiff in the terms and conditions of her employment in violation of Title VII.

(26) Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

## PRAYER FOR RELIEF

(27) WHEREFORE, Plaintiff respectfully requests this Court enter a judgment:

(a) Declaring the acts and practices complained of herein are in violation of Title VII;

(b) Enjoining and permanently restraining these violations of Title VII;

(c) Directing Defendant to take such affirmative action as is necessary to ensure the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

(d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory/retaliatory treatment of her, and make her whole for all earnings she would have received but for Defendant's discriminatory/retaliatory treatment, including, but not limited to, wages, pension, and other lost benefits;

(e) Awarding Plaintiff compensatory and/or punitive damages;

(f) Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by §706(k) of Title VII, 42 U.S.C. §2000e-5(k); and

(g) Granting such other and further relief as this Court deems necessary and proper.

**DEMAND FOR A TRIAL BY JURY**

(28) Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

                              Respectfully submitted,

                              LAW OFFICES OF
                              GAUL AND DUMONT
                              924 Camaron Street
                              San Antonio, Texas 78212
                              (210) 225-0685
                              (210) 320-3445 - Fax

By: *s/ Malinda A. Gaul*
     MALINDA A. GAUL
     State Bar #08239800
     Attorney for Plaintiff